IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CORDELL SANDERS,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**JADA HUTCHINGS, SERGEANT BRIDWELL, ROBERT E. REID, D. MELENDORF, MUSGRAVES,** and **LAWRENCE CORRECTIONAL CENTER,**<br><br>    **Defendants.** | Case No. 24-cv-1577-RJD |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Cordell Sanders, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pontiac Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Lawrence Correctional Center. In the Complaint, Sanders alleges that the defendants used excessive force against him and failed to obtain mental healthcare for him, in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and Wexford Health Sources, Inc., to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these two entities.

prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

In his Complaint, Sanders makes the following allegations: On July 25, 2023, Sanders was in the infirmary at Lawrence in the middle of a mental health crisis (Doc. 1, p. 3). Sanders is considered seriously mentally ill and suffers from impulse control disorder, depression, bipolar disorder, antisocial borderline personality disorder, and other conditions (*Id*.). He also has a history of attempting suicide (*Id*.). Sanders requested mental health intervention from Correctional Officer Jada Hutchings, Sergeant Bridwell, and Lieutenant Robert E. Reid, but they refused to obtain a mental health crisis worker to help Sanders (*Id*.). Sanders specifically asked for a phone to call mental health, but Reid failed to contact mental health staff and instead escalated the situation (*Id*. at p. 5).

In an attempt to calm himself, Sanders placed a bed sheet over his cell door window and sat on a stool, holding a pillow (*Id*. at p. 3). He later saw Reid approach his cell with a tactical team (*Id*.). Sergeant D. Musgraves opened Sanders's cell door and sprayed him with an excessive amount of pepper spray (*Id*.). Musgraves failed to issue a warning before using the spray. Further, Reid ordered that the event not be recorded, in violation of administrative directives (*Id*. at p. 5). The officers forced Sanders to the floor (*Id*. at p. 3). The pepper spray did not immediately impact Sanders's eyes because he was wearing glasses. But Reid punched Sanders in his left eye and stuck his fingers in

Sanders's eye (*Id*.). Musgraves punched Sanders in the head and sprayed pepper spray directly into Sanders's left eye (*Id*.). Musgraves also threatened to "destroy" Sanders's eyes with the spray (*Id.*). Correctional Officer D. Melendorf placed his foot on Sanders's upper back, pinning Sanders to the ground and forcing all of the air from his lungs (*Id*.). Sanders alleges he was unable to breath due to Melendorf's actions. Sanders was then put in handcuffs and ankle shackles and escorted to the restrictive housing unit (*Id*. at p. 4).

Reid later issued Sanders a disciplinary report for making threatening comments to staff, attempting to assault his cellmate, dangerous disturbance, damage or misuse of property, impaired surveillance, and disobeying direct orders (*Id*.). Sanders alleges that the disciplinary ticket was false (*Id*.). Sanders submitted a grievance contesting the ticket regarding the attempted assault charge and both the director and the administrative review board found no evidence to substantiate the charge (*Id*.).

Sanders alleges that a number of the charges were unsubstantiated. For instance, Sanders contends that the dangerous disturbances charge was unjustified because he did not commit an act falling within the definition of "dangerous disturbance" (*Id*.). Sanders further alleges that the damage to property charge was unsubstantiated because he put a sheet over the door and the sheet would have prevented Reid from observing Sanders damaging any property (*Id*. at p. 5). He also alleges that he did not hear any of Reid's orders through the solid steel door; thus, Sanders argues he was not disobeying a direct order.

## **Preliminary Dismissals**

In addition to alleging violations of his constitutional rights, Sanders seeks to bring criminal charges against the defendants pursuant to Illinois state law. But Sanders cannot use 42 U.S.C. § 1983 to prosecute anyone criminally. Sanders has no right to compel a criminal prosecution. *Wimberly v. Julius*, 606 F. App'x 309, 311 (7th Cir. 2015) (citing *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768 (2005); *Sandage v. Bd. of Comm'rs of Vanderburgh Cnty.*, 548 F.3d 595, 597 (7th Cir. 2008)). *See also Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir. 2003) (Section 1983 "protects plaintiffs from constitutional violations, not violations of state laws or … departmental regulations and … practices."). Thus, any claims allegedly violations of the Illinois State Criminal Code are **DISMISSED with prejudice**.

Sanders also alleges that Reid wrote a false disciplinary ticket against him because some of the charges were unsubstantiated. But a false disciplinary ticket does not give rise to a due process violation. This is because "due process safeguards associated with prison disciplinary proceedings are sufficient to guard against potential abuses[,] [and a] hearing before a presumably impartial Adjustment Committee terminates an officer's possible liability for the filing of an allegedly false disciplinary report." *Hadley v. Peters*, 841 F. Supp. 850, 856 (C.D. Ill. 1994), aff'd, 70 F.3d 117 (7th Cir. 1995) (citations omitted). *See also Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984). Here, Sanders fails to allege that he was denied any procedural due process safeguards during his disciplinary hearing. Thus, any claim that the disciplinary ticket was false is **DISMISSED without prejudice**.

Finally, to the extent Sanders labels Lawrence Correctional Center as a defendant, Sanders fails to state a claim. Lawrence Correctional Center cannot be sued because it is a division of the Illinois Department of Corrections, a state government agency, and not a "person" within the meaning of Section 1983. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). *See also Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.,* 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Any claim against the prison is **DISMISSED with prejudice**.

## Discussion

Based on the allegations in the Complaint, the Court designates the following counts:

> **Count 1:** Eighth Amendment deliberate indifference claim against Jada Hutchings, Bridwell, and Robert E. Reid for refusing to contact mental health staff in response to Sanders's mental health crisis.
>
> **Count 2:** Eighth Amendment excessive force claim against Robert E. Reid, D. Meledorf, and Musgraves for their use of force during Sanders's mental health crisis.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered**

**dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

At this stage, Sanders states a claim in Count 1 against Hutchings, Bridwell, and Reid. Sanders adequately alleges that he requested care in response to his mental health crisis and the defendants refused to contact healthcare staff. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). Thus, Count 1 shall proceed against Hutchings, Bridwell, and Reid.

Sanders also states a claim in Count 2 for the use of force during his cell extraction. *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). Sanders adequately alleges that Reid, Meledorf, and Musgraves punched Sanders, stepped on him, and used excessive amounts of pepper spray during the cell extraction. Thus, Count 2 shall proceed against Reid, Meledorf, and Musgraves.

## Disposition

For the reasons stated above, Count 1 shall proceed against Jada Hutchings, Bridwell, and Robert E. Reid. Count 2 shall proceed against Robert E. Reid, D. Meledorf, and Musgraves.

The Clerk of Court shall prepare for Defendants Robert E. Reid, Jada Hutchings, Bridwell, D. Meledorf, and Musgraves: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Order to each defendant's place of employment as identified by Sanders. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Sanders, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Sanders, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Sanders is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court

will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 6, 2024.**

*/s/ Reona J. Daly*
**REONA J. DALY**
**U.S. Magistrate Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**