IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CORDELL SANDERS, # R41346,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | )  Case No. 24-cv-1577-RJD |
| vs. | ) |
| | ) |
| **JADA HUTCHINGS, JONAVAN** | ) |
| **BRIDWELL, ROBERT E. REID,** | ) |
| **DARREL MELLENDORF, and AARON** | ) |
| **MUSGRAVE.** | ) |
| | |
| **Defendants.** | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections ("IDOC") at Menard Correctional Center, filed this matter pro se pursuant to 42 U.S.C. §1983. He alleges that on July 25, 2023, he was in the infirmary at Lawrence Correctional Center ("Lawrence") suffering from a mental health crisis. Doc. 1, p. 3. He asked Defendants Hutchings, Bridwell, and Reid to call a mental health crisis worker to help him, but they refused. *Id*. To calm himself, Plaintiff placed a bed sheet over his cell door window. *Id*. Defendant Reid and a tactical team then opened his cell door and Defendant Musgrave sprayed him with pepper spray without warning him first. *Id*. Defendants Mellendorf and Reid allegedly committed other acts of excessive force. *Id*. Defendant Reid later issued a disciplinary report to Plaintiff; Plaintiff alleges that the report is false. *Id*., p. 4. Following the Court's threshold review conducted pursuant to 28 U.S.C. 1915A, Plaintiff's case proceeded on the following claims:

> Count 1: Eighth Amendment deliberate indifference claim against Hutchings, Bridwell, and Reid for refusing to contact mental health staff in response to Plaintiff's mental health crisis.
>
> Count 2: Eighth Amendment excessive force claim against Defendants Reid,

>Mellendorf, and Musgraves for their use of excessive force during Plaintiff's mental health crisis.

Doc. 9, p. 5.  The Court noted that Plaintiff had failed to state a due process claim against Defendant Reid for writing a "false" disciplinary report.  *Id.*, p. 4.  Because a hearing was ultimately held on the "false" disciplinary report and Plaintiff failed to allege that he was denied any due process safeguards during the hearing, Plaintiff had not sufficiently alleged a due process violation.  *Id*.

This matter now comes before the Court on Plaintiff's Motion for Leave to Amend his Complaint.  Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The court may deny a party leave to amend if the proposed claim is futile.  *Brunt v. Service Employees Intern. Union*, 284 F.3d 715, 720 (7th Cir. 2002).

Plaintiff's proposed amended complaint lists Kevin Johnson and Nathan Attebury as Defendants; both served on the Adjustment Committee and sentenced Plaintiff to 45 days of segregation and 1 month c-grade for the disciplinary report written by Defendant Reid.  Doc. 33-1, p. 9.  Plaintiff was also "prohibited from requesting day-for-day credits [which] could have shortened his prison sentence."  *Id*.  Plaintiff explains that he named Atteberry and Johnson in the proposed amended complaint because "the Court rejected Plaintiff's false ticket claim as it relates to Reid [in the preliminary review]…so in order for the plaintiff to contest the ticket, the plaintiff will have to add Attebury and Johnson as Defendants."  Doc. 33.

However, the proposed amended complaint still fails to state a viable due process claim.  To proceed, Plaintiff must allege that he had a protected interest at stake that necessitated the protections demanded by due process.   Plaintiff's C-grade demotion and inability to request good time credits do not implicate due process rights.   *Thomas v. Ramos*, 130 F.3d 754, 765 n. 8 (7th Cir. 1997) (internal quotations and citations omitted); *see Montgomery v. Anderson*, 262 F.3d 641,

644-45 (7th Cir. 2001).

Plaintiff alleges that the conditions in disciplinary segregation invoked his due process rights. An inmate has a protected liberty interest in avoiding disciplinary segregation that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. Plaintiff was only in segregation for forty-five days and the alleged conditions he encountered (dust and crumbs on the floor that he was not allowed to clean, no education or religious programming, no phone) do not rise to the level of "an atypical and significant hardship" required to implicate a liberty interest at stake. *Id*. at (inmate who spent 70 days in segregation did not sufficiently implicate a protected liberty interest despite his assertions that he could not use the gym or take classes or programs offered to inmates in the general population).

Even if Plaintiff had sufficiently alleged that his time in disciplinary segregation at Lawrence was an "atypical and significant hardship," he would only be entitled to "informal, nonadversarial due process", consisting of the following requirements: (1) "an opportunity to present his views…in a written statement or at a hearing"; (2) an impartial decision maker; and (3) an explanation of the reasons for placement in segregation. *Torres v. Brookman*, Case No. 22-2830, 2025 WL 2944783, *5 (7th Cir. Oct. 17, 2025) (internal citations and quotations omitted). Plaintiff does not allege that he was denied an opportunity to present his views or an explanation of the reasons for his placement in segregation. Doc. 33-1, pp. 9-10. He attaches the committee's findings to his proposed amended complaint, but the document is illegible. Id., pp. 12-13. He alleges no facts from which one could infer that Atteberry and Johnson were not impartial. Consequently, Plaintiff fails to allege a viable due process claim and his Motion for Leave (Doc. 33) is therefore DENIED.

**IT IS SO ORDERED.**

**DATED: October 31, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**