## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CORDELL SANDERS, # R41346,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 24-cv-1577-RJD** |
| **vs.** | ) | |
| | ) | |
| **JADA HUTCHINGS, JONAVAN** | ) | |
| **BRIDWELL, ROBERT E. REID,** | ) | |
| **DARREL MELLENDORF, and AARON** | ) | |
| **MUSGRAVE.** | ) | |
| | | |
| **Defendants.** | | |

## <u>ORDER</u>

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections ("IDOC") at Menard Correctional Center ("Menard"), filed this matter pro se pursuant to 42 U.S.C. §1983.   He alleges that on July 25, 2023, Defendants violated his Eighth Amendment rights at Lawrence Correctional Center ("Lawrence") by refusing to contact mental health staff while he was having a mental health crisis, and by using excessive force against him.   This matter comes before the Court on various discovery motions by Plaintiff.

First, Plaintiff requests leave to serve 16 interrogatories on Defendant Reid.   Doc. 40. The Court previously set a limit of 15 interrogatories to be served on each party.   Doc. 30. Plaintiff filed the 16 proposed interrogatories, all of which are related to the events alleged in Plaintiff's Complaint; none appear unduly burdensome or otherwise improper.   Doc. 40-1. Defendant Reid did not file an objection to the Motion.   Plaintiff's Motion for Leave to serve 16 interrogatories upon Defendant Reid is GRANTED.   Plaintiff subsequently filed a Motion to Compel responses to these interrogatories, which is DENIED AS PREMATURE.   Doc. 49.

Plaintiff also filed a Motion to Compel video camera footage of the events that occurred

on July 25, 2023.   Doc. 42.   Defendants have responded, stating that the footage is available for Plaintiff to view but he must arrange a viewing with the administrative office at Menard.   Doc. 48.   Defendants further explain because of prison security issues, Plaintiff cannot possess the footage at Menard.   Docs. 48 and 55.   It is not clear whether Plaintiff has ever attempted to contact the administrative office at Menard to arrange viewing the footage.   While Plaintiff claims the administrative office has never made the footage available to him, he also states that the footage only shows him exiting the cell.   Doc. 53, p. 1; Doc. 56, p. 2.   Plaintiff's Motion to Compel video footage from July 25, 2023 (Doc. 42) is DENIED.   Doc. 42.   If Plaintiff encounters difficulty arranging the viewing, he should contact defense counsel and ask for assistance. If he is still unable to view the footage, he may re-file his Motion to Compel but he must include information regarding the attempts he made to communicate with the administrative office at Menard.

Plaintiff filed a Motion to Compel Defendants' responses to his Requests for Admissions. Doc. 52.   Plaintiff claims that he mailed the Requests for Admission to Defendants and kept a copy of the originals.   Doc. 56.   Defendants explain that they never received the Requests.   Doc. 55.   Plaintiff should re-send the Requests for Admissions to Defendants.   The Motion to Compel (Doc. 52) responses to the Requests for Admissions is DENIED.   The Court cannot order Defendants to answer something they never received.

Plaintiff also filed a Motion to Compel video footage of the alleged excessive force on July 25, 2023, explaining that Defendants only produced footage that shows him exiting the cell.   Doc. 53.   Defendants explain that they have produced video of Plaintiff exiting his cell, as well as "the longer version of the video recording from the infirmary security camera" and that Plaintiff may view this footage by contacting the administrative office at Menard.   Doc. 55.   Defendants state they do not have footage of the alleged excessive force.   Doc. 55.   The Court cannot compel Defendants to produce something they do not have.   Plaintiff's Motion to Compel footage of the

alleged excessive force on July 25, 2023 (Doc. 53) is DENIED.

Finally, Plaintiff filed a "Motion for Court Intervention", explaining that when he was relocated to a new cell at Menard in August 2025, he was not allowed to bring his documents for this case.   Doc. 54.   He requests a copy of the Complaint and documents produced by Defendants in discovery.   The Court expects defense counsel to make reasonable efforts to provide Plaintiff with copies of discovery and notes that Plaintiff has offered to pay for those copies.   Doc. 54.   As a one-time courtesy, the Clerk of Court is directed to mail Plaintiff a copy of his Complaint and the attached exhibits found at Doc. 1.

The discovery deadline in this case was October 27, 2025. Doc. 30.   To allow the parties additional time for Plaintiff to serve 16 interrogatories upon Defendant Reid, and also re-send the Requests to Admissions to Defendants, the Court sua sponte extends the discovery deadline to January 27, 2026 and the dispositive motion deadline to February 27, 2026.   The August 2026 final pretrial and trial settings remain unchanged.

**IT IS SO ORDERED.**

**DATED: October 31, 2025**


_s/ Reona J. Daly_
**Hon. Reona J. Daly**
**United States Magistrate Judge**